# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1705

_____

United States of America

*Plaintiff - Appellee*

v.

Chris Edward Reed

*Defendant - Appellant*

_____

Appeal from the United States District Court
for the Eastern District of Missouri

_____

Submitted: September 27, 2013
Filed: November 18, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Chris Edward Reed was convicted of possession of pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841, and knowingly maintaining a place for the purpose of manufacturing methamphetamine

in violation of 21 U.S.C. § 856. Reed appeals the district court's[1] denial of his motion to suppress evidence seized during a warrantless entry into an apartment in which methamphetamine was being manufactured. He also contends the district court abused its discretion in admitting evidence of a traffic stop and pseudoephedrine purchase which occurred twenty months after his arrest in this case. We affirm.

I.

On November 25, 2009, the Union, Missouri, Police Department received a call concerning a chemical odor coming from an apartment building located in the 600 block of North Washington Avenue. The responding officers, including Detective Leon Burton, who was familiar with methamphetamine labs, also smelled the chemical odor.

On the north side of the apartment building, the officers could see a fan in an open window in the rear of the apartment which they believed was exhausting the chemical odor. Detective Burton knocked on the front door and identified himself but received no answer. At this point, the light and fan in the open window were turned off. When no one answered, Detective Burton went to the back door, announced that police were at the residence, and requested the door be opened. He also announced he would kick in the door if the residents did not open it. When still no one answered the door, the officers forced their way into the apartment.

Upon entry, the officers immediately saw Reed and ordered him to the ground, where they handcuffed him. While checking for other individuals, the officers found what they believed to be a methamphetamine lab in the bathroom and several aluminum foil burnt foilies, which are commonly used to smoke methamphetamine.

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

-2-

After Reed was handcuffed, Detective Burton asked him for consent to search the apartment. Reed said, "This ain't my apartment. I don't care what you do." Detective Burton then asked Katie Pittman, one of the other individuals present, for her consent. She agreed.

Over one year after Reed's November 2009 arrest, on July 25, 2011, an officer of the Montgomery County, Missouri, Sheriff's Department stopped Pittman and Reed for a traffic violation. He obtained consent to search the vehicle and found ground-up pseudoephedrine and items used in the manufacture of methamphetamine. Video from a local pharmacy showed Reed purchasing pseudoephedrine the day before, on July 24, 2011.

Reed was indicted on February 15, 2012, with possession of pseudoephedrine with intent to manufacture methamphetamine (Count I), knowingly maintaining a place for the purpose of manufacturing methamphetamine (Count II), and creating a substantial risk of harm to human life while manufacturing or attempting to manufacture methamphetamine (Count III).

Reed filed a motion to suppress evidence, arguing the warrantless entry into his apartment had not been justified by exigent circumstances and the subsequent search had not been done with voluntary consent. The district court denied the motion, and the case proceeded to trial. During trial, the government introduced evidence of Reed's July 25, 2011, traffic stop and presented the video of Reed purchasing pseudoephedrine on July 24, 2011. The jury found Reed guilty of Counts I and II and not guilty of Count III. He was sentenced to concurrent terms of 141 months.

II.

A.      Motion to Suppress

In reviewing the denial of a motion to suppress, we review a district court's factual determinations for clear error and its legal conclusions de novo. United States v. Quintero-Felix, 714 F.3d 563, 567 (8th Cir. 2013).  We will affirm "unless the denial of the motion is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake was made." United States v. Zamora-Lopez, 685 F.3d 787, 789 (8th Cir. 2012) (internal quotations omitted).

In general, the Fourth Amendment prohibits the warrantless search of a residence by law enforcement officers. United States v. Clarke, 564 F.3d 949, 958-59 (8th Cir. 2009).  However, the "exigent circumstances" exception "permits a warrantless entry when the needs of law enforcement are so compelling that a warrantless search is objectively reasonable." Carpenter v. Gage, 686 F.3d 644, 648 (8th Cir. 2012) (citing Mincey v. Arizona, 437 U.S. 385, 393-94 (1978)).  Police may take immediate action "if lives are threatened, a suspect's escape is imminent, or evidence is about to be destroyed." Clarke, 564 F.3d at 959 (internal quotations omitted).  However, "probable cause must be present before . . . [an] exigency will allow a search." Kleinholz v. United States, 339 F.3d 674, 676 (8th Cir. 2003) (per curiam).  We review de novo "the ultimate determination of whether the facts as found constitute exigent circumstances." United States v. Janis, 387 F.3d 682, 686 (8th Cir. 2004) (internal quotations omitted).

We have previously held that exigent circumstances justify an officer's warrantless entry into a home when the officer had probable cause to believe methamphetamine was being manufactured. See Clarke, 564 F.3d at 959.  In Clarke, law enforcement received an anonymous tip concerning methamphetamine

production.  Upon arriving, the officers smelled a chemical odor they recognized as consistent with methamphetamine production.  We held those facts supported a determination of probable cause.  Id.  We further held the officers could reasonably have concluded there was a potential threat to the safety of themselves, those in the residence, and others in the immediate vicinity, which supported a finding of exigent circumstances justifying a warrantless entry.  Id.  Their safety concern was "reasonably heightened after the officers were unable to contact anyone inside the home after knocking and calling the listed telephone number."  Id.

Nearly identical facts are before us now.  Here, officers responded to a call reporting a strong chemical odor, an odor the officers identified as being associated with methamphetamine production.  They knocked several times and identified themselves as police but received no response even though they witnessed a bathroom light and fan be turned off.  Those facts supported the officers' probable cause determination, and exigent circumstances justified their warrantless entry into the apartment.

In addition, the subsequent warrantless search of the apartment did not violate the Fourth Amendment.  Although warrantless searches inside a home are presumptively unreasonable, there is no constitutional violation if police obtain a resident's consent to search.  Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973); see also United States v. Farnell, 701 F.3d 256, 262-63 (8th Cir. 2012).  The district court concluded Katie Pittman had actual and apparent authority over the residence and that her consent was voluntary. Nothing in the record suggests the district court's ruling was unsupported by substantial evidence or was based on an erroneous view of the law.  Having considered the record in full, we find no mistake in the district court's determination.

B.    Evidence from July 2011 Traffic Stop and Pharmacy Purchase

Reid challenges the district court's admission of evidence of his July 25, 2011, traffic stop and of a video which showed Reed purchasing pseudoephedrine on July 24, 2011.  He argues the evidence constitutes propensity evidence under Fed. R. Evid. 404(b).  However, analysis under Rule 404(b) is unnecessary because the evidence from the traffic stop and the pharmacy video concerns an element of the charged conduct and, thus, is not "evidence of . . . other acts" which Rule 404(b) prohibits. In Count I of the indictment, Reed was charged with possessing pseudoephedrine with the intent to manufacture methamphetamine.  The charging period in Count I was between October 20, 2009, and February 15, 2012.  The traffic stop occurred on July 25, 2011, and the video from the pharmacy was filmed on July 24, 2011.  Thus, it constitutes part of the charged conduct, and, therefore, is relevant evidence.  See United States v. Williams, 165 F.3d 1193, 1195 (8th Cir. 1999).  This renders Rule 404(b) inapplicable.

III.

For the foregoing reasons, we affirm the district court.

_____